IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02372-CMA-CBS

UNITED STATES OF AMERICA,
    Plaintiff,
v.

1999 NISSAN SKYLINE R34, VIN GGJPRWY34ZDAAAKCD, JAPANESE VIN BNR34-000930,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE FOR
DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the United States of America's Motion for Default Judgment and Final Order of Forfeiture (filed May 12, 2009) (doc. # 14). Pursuant to the Order of Reference dated November 4, 2008 (doc. # 4) and the memorandum dated May 12, 2009 (doc. # 15), the Motion was referred to the Magistrate Judge.  As of this date, no response to the Motion has been filed.  The court, having reviewed the Motion, the entire case file, and the applicable law and being sufficiently advised in the premises, finds and concludes that:

    1.    Defendant property is described as one 1999 Nissan Skyline R34, 2 door coupe, orange in color, VIN GGJPRWYR34ZDAAAKCD, Japanese VIN BNR34-000930, seized on September 30, 2008 from Racing Trenz, located at 6190 East Evans Avenue, Denver, Colorado.  Defendant property is owned by David Hillman and is believed to be unencumbered.  Defendant property is currently being held by the Internal Revenue Service, Criminal Investigation Division in Denver, Colorado.

2.    The United States of America commenced this civil action *in rem* pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C).  (*See* doc. # 1).

3.    The court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

4.    Venue is proper in the State and District of Colorado pursuant to 18 U.S.C. § 981(h), 19 U.S.C. § 1605, and 28 U.S.C. §§ 1355 and 1395, as the Defendant property and the owner of the Defendant property are located, and the acts were committed, in the District of Colorado.

5.    All known interested parties have been provided an opportunity to respond and publication has been effected as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (*See* docs. # 9 and # 10).[1]

6.    Default was entered by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) as to the Defendant property on May 4, 2009.  (*See* doc. # 12).

7.    The record reflects that after notice, there have been no Claims, Answers, or other responsive pleadings filed in this matter as required by Rule G(5) of the Supplemental Rules for  Admiralty or Maritime Claims and Asset Forfeiture Actions.

8.    Title 18 U.S.C. § 981(a)(1)(C) provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' as defined in section 1956(c)(7) or a conspiracy to commit such offense."  Title 18 U.S.C. § 1956(c)(7) identifies as "specified unlawful activity . . . any act or activity constituting an offense listed in section

---

[1]    Mr Hillman was further notified by mail at the Arapahoe County Jail on or about May 12, 2009. (*See* doc. # 14 at ¶ 7; *see also* doc. # 16 (Process Receipt and Return for service of Entry of Default on David Hillman).

1961(1) of this title . . . ," a list which includes violations of 18 U.S.C. § 1343 (wire fraud).  As Mr. Hillman, in conjunction with a wire fraud scheme, used funds traceable to wire fraud proceeds to purchase Defendant 1999 Nissan Skyline R34, it is thus subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), and (b)(2).

9. Title 18 U.S.C. § 981(a)(1)(A) provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction . . . in violation of section . . . 1957. . . of this title, or any property traceable to such property."  As Mr. Hillman engaged in monetary transactions involving more than $10,000.00 in criminally derived property (wire fraud proceeds) by obtaining cashier's checks and presenting them for payment to purchase the vehicle, in violation of Title 18 U.S.C. § 1957, the vehicle is thus subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

10. Based upon the facts and verification set forth in the Verified Complaint, it appears by a preponderance of the evidence that there was reasonable cause for the seizure of the Defendant property and that there is cause to issue a forfeiture order under 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C).

Accordingly, IT IS RECOMMENDED that:

1. The United States' Motion for Default Judgment and Final Order of Forfeiture (filed May 12, 2009) (doc. # 14) be GRANTED.

2. Default judgment and forfeiture be entered in favor of Plaintiff United States of America and against Defendant 1999 Nissan Skyline R34, 2-door coupe, orange in color, VIN GGJPRWYR34ZDAAAKCD, Japanese VIN BNR34-000930, including all right, title, and interest;

3. Plaintiff United States of America shall have full and legal title to the

Defendant 1999 Nissan Skyline R34, 2 door coupe, orange in color, VIN GGJPRWYR34ZDAAAKCD, Japanese VIN BNR34-000930 and may dispose of Defendant property in accordance with law; and

4.      Default Judgment and Final Order of Forfeiture issued by the District Judge shall serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application

of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 15th day of June, 2009.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge